**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERTO CACERES DE PAZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-05446-JLS |
| | : | |
| J.L. JAMISON, *et al*., | : | |
| Respondents. | : | |

## <u>ORDER</u>

**AND NOW**, this 6th day of August, 2026, upon consideration of Roberto Caceres De Paz's Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Roberto Caceres De Paz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Roberto Caceres De Paz from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on August 7, 2026;

3. If the Government chooses to pursue re-detention of Roberto Caceres De Paz pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*

**JEFFREY L. SCHMEHL**
United States District Court Judge

---

[1] Mr. Caceres De Paz continuously resided in the United States for over two years. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶¶ 18-19). He left his country of birth, Guatemala, and entered at the southern United States-Mexico border sometime in or around June of 2024. (*See id.* at ¶ 18; ECF No. 1-3, Ex. 1, ICE Locator). After entering the United States, Mr. Caceres De Paz settled in Upper Darby, Pennsylvania with his family. (*Id.* at ¶ 20). On or about July 31, 2026, DHS officials arrested Mr. Caceres De Paz after stopping him on his way to work. (*Id.* at ¶ 21).

The Government's arguments are familiar. The Government maintains Mr. Caceres De Paz is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Caceres De Paz's mandatory detention without the opportunity for a bail hearing is unlawful.